# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-578V
### Filed: January 15, 2016
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| GILLIAN SEARS, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND | * | Special Processing Unit ("SPU") |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Isaiah Kalinowski, Maglio Christopher and Toale, PA (DC), Washington, DC, for petitioner.*
*Glen MacLeod, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 8, 2014, Gillian Sears filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered "severe pain, burning sensation, and stiffness in the right shoulder" within a few hours of receiving the trivalent influenza vaccination on October 1, 2012. Petition, ¶¶ 2-3. On July 17, 2015, a decision was issued awarding compensation to petitioner based on the parties' stipulation.

On January 15, 2016, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to an award to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner of attorneys' fees and costs in the amount of $20,000.00.  In compliance with General Order #9, petitioner filed a statement indicating she incurred no out-of-pocket expenses as an attachment to the stipulation.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned grants the request for approval and payment of attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $20,000.00,[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Isaiah Kalinowski.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] In the stipulation itself, petitioner's counsel also represented that petitioner incurred no out-of-pocket expenses.  Stipulation, filed Jan. 15, 2016, at ¶ 3.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).